CASE 24—ACTION FOR SETTLEMENT OF THE ESTATE OF PLAINTIFF'S
ASSIGNOR—OCT. 11.

# Winter v. Howell's Assignee.

APPEAL FROM KENTON CIRCUIT COURT.

JUDGMENT REFUSING TO ALLOW CLAIM OF L. W. WINTER, AS A PRE-
FERRED CLAIM AND HE APPEALS. AFFIRMED.

ASSIGNMENT FOR CREDITORS—EMPLOYE'S LIENS—EXTENT—AMENDMENT
OF STATUTES.

Held:  1. Where the statute giving to the employes of a manufactur-
ing establishment assigned for the benefit of creditors a lien on
the property embarked in the business, for the amount due them,
was amended after plaintiff was employed by such an establish-
ment, but before the establishment made an assignment for the
benefit of creditors, plaintiff's rights are to be determined by the
statute, as amended, as no lien attached until the assignment was
made.

2. Under Ky. St. secs. 2487, 2488, giving such a lien, the lien of the
employe is limited to the wages for six months before the as-
signment, as against a prior mortgage; but, as against sub-
sequent mortgages, a superior lien exists for the whole amount
due the employes as such.

3. An employe is not entitled to a lien for services rendered his em-
ployer outside of the business of the manufacturing establish-
ment.

HOLT, ALEXANDER & HOLT, & RAYMOND C. GRAY, ATTORNEYS
FOR APPELLANT.

1. The evidence establishes the fact, that the claimant's contract
of employment, was made with the assignor in 1892, prior to the
passage of the act of 1896.

2. It further establishes the facts of the manufacturing of paints
and cut-offs, for the six and twelve months, next immediately
preceding December 28, 1896, by the assignor, and the claimant's
employment by him.

3. The act of 1896, could not, and can not, retroactively, so injuri-
ously affect or impair in the amount thereof, as reported by the
Master Comr., the lien claimant's prior existing contract there-
tofore made with the assignor under the acts of 1876 and 1893

entitling him to the full $1,200.  4 Littell 46, Blair v. Williams; 1 J. J. Marshall, 570, Davis v. Ballard; 3 J. J. Mar., 119, Gatewood v. Gatewood; 3 J. J. Mar. 705, Letcher &c. v. Kennedy; 5 Mon. 133, Fisher v. Cockerell; 5 Mon. 336, Feemster v. Ringe; 5 Mon. 375, Duckman v. Smith; 6 Mon. 397, Hardin v. Barbour &c.; 7 Mon. 279, Castleman v. Combs &c.; 7 B. Mon. 168, Pearce's heirs v. Patton; 7 B. Mon. 544, January v. January; 17 B. Mon. 173, H. & N. R. R. Co. v Dickinson; 4 Met. 294, Berry v. Rousdall.

4.  The lien claimant's contract with the assignor, was made under the existence of the act of 1876, and it entered into and formed a part of the said contract, together with the act of 1893, which gives the claimant the full $1,200.  4 Wallace 535, Van Hoffman v. City of Quincy; 10 Wallace, 571, R. R. Co. v. McClure; 18 Arkansas 269 State v. Allis; 1 Hardin 26, Porter v. Graham &c.; 1 Ky. Law Rep. 323; 79 Ky. 88, Collins v. Collins.

5.  The Master Comr's. report establishes the fact, that the sales of the real and personal property of the Paint and Cut-off Manufactories, realized $4,465, amply more than enough to pay claimant in full.

6.  The contract of employment of claimant by the assignor, was that of an entirety for the full twelve months, and can not be separably affected so as to enable the act of 1896, to reduce his claim one-half in amount.

7.  Neither of said acts limit the length of time of such employment whether by the day, week, month, or year, but simply provide that he shall be a preferred lien creditor, and entitled to priority of payment as employe.  Gurney v. Atlantic & Great West. Ry. Co., 58 N. Y., 358; Palmer v. Van Santwood, &c., 153 N. Y., 612.

8.  A contract, valid at its inception, can not be made invalid or impaired by subsequent legislation.  Sutherland on Stat. Constructtion, secs. 471, 474, 476, 465, 480, and 464.

9.  An appeal is a statutory right and lies even from a consent decree.  9 Ohio Stat., 189.

10.  A compliance with a decree does not bar an appeal therefrom. 23 Alabama, 352.

11.  A judgment that determines the right, but does not give the relief, is not final, and a judgment giving priority to a creditor, when no distribution is had at the same time, is not a final order. 8 Law Rep., 36, 4 Met., 108;

ULIE J. HOWARD, ATTORNEY FOR APPELLEE.

1.  Is a paint shop or store wherein oils, dryers, leads and colors are mixed so as to make paint, a manufacturing, establishment

within the meaning of section 2487 of the Kentucky Statutes?
We say no.

2. What sort of character of employment is meant to be protected by
said statute?

3. The legislative intent in enacting the lien law was to give to
those whose brain or brawn created or made an article a lien
on that article for any part of their labor for which they are
unpaid.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

George W. Howell made an assignment to appellee on
December 28, 1896, for the benefit of his creditors.   Howell
for some years previous to the assignment manufactured
and sold mixed paint, and also manufactured a cut-off for
cistern.   He was a considerable property owner, and was
engaged in some other business pursuits.   Appellant was
his bookkeeper, and superintendent of the shop where the
cut-offs were made, and of the shops where the paints
were mixed.   He also acted as salesman in the store, and
collected rents, and did anything else Howell wanted done.
At the time of the assignment a year' salary was due him,
amounting to $1,200.   He asserted this as a preferred
claim, and, the court having adjudged only $600 of it as
preferred, he prosecutes this appeal.

By the act approved March 20, 1876 (see Gen. St. p. 877),
the employes of a manufacturing establishment assigned
for the benefit of creditors; were given a lien upon the
property embarked in the business for the whole amount
due them.   Substantially the same provision was made
in the act of February 25, 1893 (Sess. Acts 1891-93, p.
513.)   It is insisted for appellant that his rights are to be
determined by these statutes, and not by the statute in
force at the time of the assignment, because his contract
of service was made while the former acts were in force.
This contention can not be maintained, for the reason that

the employes were given no lien until the assignment was made. Their lien, arising by virtue of the assignment, and not attaching to the property until it was assigned for the benefit of creditors, must be governed by the law in force when the assignment was made. Appellant's rights, therefore, must be determined by the statute in force on December 28, 1896, the date of the asignment under which he claims a lien. The statute then in force is section 2488, Kentucky Statutes: "The said lien shall be superior to the lien of any mortgage or other incumbrance thereafter created and shall be for the whole amount due such employe as such, or due for such material or supplies; that for wages coming due to employes within six months before the property or effects shall in any wise come to be distributed among creditors as provided in section 2487, the lien of such employes shall be superior to the lien of any mortgage or other incumbrance theretofore or thereafter created; but no president or other chief officer, nor any director or stockholder of any such company, shall be deemed an employe within the meaning of this article." There was no mortgage lien or other incumbrance on the effects of either shop above referred to. Appellant was not a chief officer or director or stockholder. By the first clause of the section the whole amount due the employes as such at the time of the assignment is made a lien, and given preference over a mortgage or other incumbrance created after the rendition of the services. By the second clause of the section the wages coming due the employes within six months before the property is assigned for the benefit of creditors are made a lien superior to any mortgage theretofore or thereafter created. The purpose is plainly to make a distinction between prior and subsequent mortgages or incumbrances.

As against the prior mortgage, the lien of the employe is limited to the wages for six months before the assignment; but, as against subsequent mortgages or incumbrances, a superior lien exists for the whole amount due the employes as such. As there was no prior incumbrance in this case, appellant was entitled to a superior lien for the whole amount due him as an employe of the manufacturing establishment assigned. How much was due him as such employe at the date of the assignment is therefore the remaining question to be determined. Appellant was not entitled to a lien for services rendered his employer outside of the business of the manufacturing establishment. For his services in running the store, acting as salesman therein, collecting rents, or in attending to any other business, he stood on the same plane as other creditors. The lien is created by section 2487, Kentucky Statutes, in favor of the employes "of any rolling mill, foundry or other manufacturing establishment," and was certainly not intended to include services rendered in a store. The proof is utterly insufficient to show with any certainty how much of appellant's services were for matters for which the statute gives a lien. The chancellor has given him a lien for one-half his services, and, under all the evidence, we are satisfied this is as much as he is entitled to. Judgment affirmed.

Petition for rehearing filed by appellant and overruled.