AMERICAN WOODWORKING MACHINERY CO. v. AGELASTO.

(Circuit Court of Appeals, Fourth Circuit. February 21, 1905.)

No. 568.

LIEN—SUPPLIES FURNISHED TO MANUFACTURING COMPANY—VIRGINIA STATUTE.

Under Code Va. Supp. 1898, § 2485, providing that "all persons furnishing supplies to a mining or manufacturing company necessary to the operation of the same shall have a prior lien upon the personal property of such company other than that forming part of its plant," etc., supplies necessary to the operation of a manufacturing establishment are such as pertain to its output, and do not include material or machinery necessary to the construction, equipment, and completion of its plant, and for the latter the statute gives no lien.

Appeal from the District Court of the United States for the Eastern District of Virginia, at Norfolk, in Bankruptcy.

P. A. Agelasto and Simon L. Adler, for appellant.
Edward R. Baird, Jr., for appellee.

Before GOFF and PRITCHARD, Circuit Judges, and BOYD, District Judge.

BOYD, District Judge. The Chesapeake Furniture & Woodworking Company was a corporation under the laws of the state of Virginia, organized in the year 1901, for the purpose of manufacturing furniture and other articles from wood. Its plant was located in the city of Norfolk, Va., where suitable buildings were erected to carry on its business. On the 3d of September, 1901, the American Woodwork-

ing Machinery Company, of New York, contracted with the Chesapeake Company to furnish certain woodworking machinery for the equipment of the latter's plant. This machinery was delivered and placed in the mill of the Chesapeake Company during the years 1901 and 1902, and, within 90 days after the last item of the account for it was due, the American Company duly filed and recorded its claim in the corporation court of Norfolk for the sum of $3,355.62, under section 2485 of the statutes of Virginia, as a prior lien upon the property of the Chesapeake Company for supplies furnished said company necessary to its operation. Afterwards the Chesapeake Company, in an involuntary proceeding, at the instance of creditors, was adjudged bankrupt; and the American Company offered, before the referee, to prove its claim against the bankrupt estate, with a prior lien on the bankrupt's property, for the amount hereinbefore stated. Other creditors objected to the lien and priority claimed by the American Company on the ground that the machinery sold by it to the Chesapeake Company was not "supplies," such as contemplated by the Virginia statute. The referee so held. This decision of the referee was affirmed by the court in bankruptcy of the Eastern District of Virginia, and the American Company appealed to this court.

The Virginia statute under which this controversy arises is the following paragraph of section 2485, Supplement to the Code of Virginia of 1898:

"All persons furnishing supplies to a mining or manufacturing company, necessary to the operation of the same, shall have a prior lien upon the personal property of such company, other than that forming part of its plant, to the extent of the money due them for such supplies, and also a lien upon all the estate, real and personal, of such company, which said last lien, however, upon all such real and personal estate, shall be subject and inferior to any lien by deed of trust, mortgage, hypothecation, sale or conveyance, made or executed, and duly admitted to record prior to the date at which such supplies are furnished."

In the claim for lien filed by appellant, a description of the property sold to the Chesapeake Company is given as "certain machinery to be used for the purpose of cutting, sawing, molding, planing, sanding, and woodworking in all of its various ways"; and we find, from the facts stated in the record, and the testimony of the witnesses examined before the referee, that this machinery was all bought under one contract, though furnished at different times, and that it was all in the mill of the Chesapeake Company, and being used by it in carrying on its business as manufacturer of furniture, and so forth, at the time when the claim for lien was recorded, and also at the time when the Chesapeake Company was adjudged bankrupt. The question for our determination, therefore, is whether or not this machinery was "supplies necessary to the operation" of a manufacturing company, such as contemplated by the Virginia statute from which the foregoing paragraph is quoted. In the court below, and here also, the appellee has insisted that the machinery furnished by the American Company, when installed in the factory structure of the Chesapeake Company, became fixtures. The appellant opposed this view, and emphasized the fact that much of the machinery consisted of movable machines, which were not attached to the building, and therefore were not fixtures.

Unquestionably the machinery was particularly adapted to the purposes of the freehold, and without it, or some other of like character, it would have been impossible for the Chesapeake Company to operate its mill. In Haskin Wood, etc., Co., v. Cleveland, etc., Co., 94 Va. 447, 26 S. E. 880, it is held:

"The true rule for determining when the machinery and apparatus of a manufactory form a part of the realty is that where the machinery is permanent in its character, and essential to the purposes for which the building is occupied, it must be regarded as realty, and passes with the building, and that whatever is essential to the purposes for which the building is used will be considered as a part thereof, although the connection between them is such that it may be severed without physical or lasting injury to either."

A number of Virginia authorities are cited in support of this principle. If we were to apply the rule laid down in this case, we would be warranted in holding that under the Virginia law the machinery in question was fixtures, that it became a part of the building or structure which was permanently annexed to the freehold, and that, if the appellant was entitled to a lien at all, his right was under section 2475 of the Virginia Code of 1887 [Va. Code 1904, p. 1236], which provides:

"All artisans, builders, mechanics, lumber-dealers, and other persons performing labor about, or furnishing materials for the construction, repair, or improvement of any building or structure, permanently annexed to the freehold * * * shall have a lien, if perfected as hereinafter provided, upon such building or structure, and so much land therewith as shall be necessary for the convenient use and enjoyment of the premises. * * *"

But the appellant lost any right which it may have had to a lien under this section by failure to make record within the prescribed time, and therefore the construction and application of the section are not now before us.

We do not deem the question of fixtures as one of importance in the present case; nor do we consider it material to the determination of the question here involved whether the machinery, when it was installed in the building, assumed the character of fixtures or not. Our opinion is that the site, the structure, the motive power, and the machinery, whether the last be movable or immovable, combine to constitute the manufacturing plant, and the operations as manufacturer cannot begin until the plant is thus complete, or, in common parlance, until the plant is "a going concern." Then, and not until then, it becomes necessary to have supplies for operating. The supplies necessary for the operation of a manufacturing establishment are such as pertain to the production of its output, and do not include material or machinery necessary for the construction, equipment, and completion of the plant. The Court of Appeals for the state of Virginia, in the case of Boston Blower Co. v. Carman Lumber Co., 94 Va. 99, 26 S. E. 390, has clearly drawn this distinction. In passing upon the question of lien rights which accrue to parties under the Virginia law, the court in that case said:

"Sections 2475 to 2484 [Code 1887; Va. Code 1904, pp. 1236–1246], both included, are designed for the protection of those who perform labor or furnish materials for the construction or repair of the subject upon which the lien is assigned. Sections 2485 and 2486 [Va. Code 1904, pp. 1246–1249] are for the protection of those who furnish the labor or supplies necessary to the operation of the enterprises enumerated in those sections."

We think that, in determining what are necessary supplies for the operation of a manufacturing company, the line of demarkation is between that which is required to put the plant in a condition to operate, and that which is necessary for use in producing its manufactured articles after it is in such condition. The machinery for which the appellant's claim is made in this case comes under the former, and not the latter, head. We conclude, therefore, that the appellant is not entitled to a lien under section 2485 of the Virginia statute.

The judgment of the District Court of the United States for the Eastern District of Virginia, sitting in bankruptcy, is affirmed.