## In re STARKS–ULLMAN SADDLERY CO.

(Circuit Court of Appeals, Sixth Circuit. July 19, 1909.)

No. 1,914.

BANKRUPTCY (§ 191*)—MATERIALMEN—LIEN—STATE LAW—"MATERIALS AND SUPPLIES."

Ky. St. § 2487 (Russell's St. § 2399), provides that, when the property of the operator of a manufacturing establishment shall be assigned for the benefit of creditors, persons who shall furnish material and supplies to carry on the business shall have a lien on the assets therefor. The bankrupt was a leather manufacturer, and also conducted a jobbing business in the same line as another department, in which it bought and sold leather goods. *Held,* that manufactured goods so purchased for resale were not "materials and supplies" for carrying on the bankrupt's manufacturing business, and hence the creditors furnishing the same were not entitled to a lien therefor.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 191.*]

Petition to Review Order of the District Court of the United States for the Western District of Kentucky.

W. V. Eaton, for petitioners.
W. F. Bradshaw, for respondents.

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

LURTON, Circuit Judge. The petitioners are creditors of the bankrupt, a corporation, engaged in business at Paducah, Ky. The creditors filed claims, which they asserted were liens upon the property of the bankrupt, which have been disallowed. The claim of lien is based upon section 2487, Ky. St. (Russell's St. § 2399), which reads as follows:

"2487. (Lien of Employés and Materialmen on Property Assigned for Benefit of Creditors.) When the property or effects of any (mine) railroad, turnpike, canal or other public improvement company, or of any owner or operator of any rolling mill, foundry or other manufacturing establishment, whether incorporated or not, shall be assigned for the benefit of creditors, shall come into the hands of any executor, administrator, commissioner, receiver of a court, trustee or assignee for the benefit of creditors, or shall in any wise come to be distributed among creditors, whether by operation of law or by the act of such company, owner or operator, the employés of such company, owner or operator, in such business, and the persons who shall have furnished materials or supplies for the carrying on of such business, shall have a lien upon so much of such property and effects as may have been involved in such business, and all accessories connected therewith, including the interest of such company, owner or operator in the real estate used in . carrying on such business."

The bankrupt, while engaged in the business of manufacturing harness, bridles, and other horse leather goods, was also doing business as a jobber in the same line of goods; that is, bought harness, saddles, and other horse leather goods, in a manufactured condition, and sold such goods in the condition they were bought. The claim of the petitioning creditors is exclusively for such manufactured articles, and the petitions aver that the goods so sold to the bankrupt by them were used

in the jobbing branch of the business. Judge Evans was of opinion that the petitioners had not furnished "materials and supplies," within the plain and obvious meaning of the Kentucky Statute, and were therefore not entitled to have their claims allowed as liens. To this conclusion we agree. The statute is plain enough. The purpose is to give a lien under certain circumstances to persons furnishing materials and supplies for the carrying on of the manufacturing business in which the debtor was engaged. Such a debtor might well be engaged in other lines, as well as that of manufacturer. But the statute is limited in its application to "materials and supplies for the carrying on of such business"; that is, the business of the debtor as a manufacturer.

The statute was before us in the case styled In re Bennett, 153 Fed. 673, 82 C. C. A. 531; but the claims then involved were indisputably for materials and supplies furnished for the "carrying on" of an indisputable manufacturing business, and the case turned upon other points. It has received little construction by the courts of Kentucky; but in the cases reported the Kentucky courts have plainly recognized that claims not originating in the carrying on of the manufacturing side of a debtor's business were not preferred under the statute. In Winter v. Howell's Assignee, 109 Ky. 163, 58 S. W. 591, it appeared that the debtor did a manufacturing business and also conducted a retail store. The claim involved was for the salary of an employé who served as bookkeeper for the manufacturing side of the business and as a salesman in the retail store and general utility man. The court said:

"Appellant was not entitled to a lien for services rendered his employer outside of the business of the manufacturing establishment. For his services in running the store, acting as salesman therein, collecting rents, or in attendance to any other business, he stood in the same plane as other creditors. The lien is created by section 2487, Ky. St., in favor of the employés 'of any rolling mill, foundry or other manufacturing establishment,' and was certainly not intended to include services rendered in a store."

In American Woodworking Co. v. Agelasto, 136 Fed. 399, 69 C. C. A. 243, the lien of a Virginia statute in favor of persons furnishing materials and supplies to a manufacturing concern was held not to extend to machinery

There was no error in the order, and the petition will be dismissed. with costs.