JONES v. FIDELITY & COLUMBIA TRUST CO. et al.

No. 6518.

Circuit Court of Appeals, Sixth Circuit.

Nov. 7, 1934.

R. P. Hobson, of Louisville, Ky. (Woodward, Hamilton & Hobson, of Louisville, Ky., on the brief), for appellant.

Gavin H. Cochran and Grover G. Sales, both of Louisville, Ky., for appellees.

Before HICKS, SIMONS, and ALLEN, Circuit Judges.

SIMONS, Circuit Judge.

The appeal raises a question as to the nature of the interest or right inuring to appellees under section 2317, Carroll's Kentucky Statutes 1930, which grants to landlords liens on the personal property of tenants for one year's rent due or to become due after possession is taken under a lease, and the effect upon such interest or right of an amendment (chapter 143 of the Acts of 1932 [section 2]), reducing the lien to the equivalent of four months' rent; the amendment having become effective after the execution of the lease, and the taking of possession by the tenant, but before the bankruptcy.

The bankrupts were engaged in the jewelry business in Louisville, and were adjudicated on July 11, 1932. The appellees, representing lessors under leases executed prior to 1932, asserted as against the bankruptcy trustee liens upon the furniture, fixtures, and other personal property upon the leased premises for amounts equal to one year's rent under section 2317. The trustee filed exceptions to the allowance of their claims upon the ground that they were entitled to a lien for no more than four months' rent in conformity with chapter 143, effective June 17, 1932. The referee sustained the exceptions, and disallowed both liens, since four months' rent had already been paid. Upon review, the District Judge reversed the referee's decision, and sustained the liens on the ground that chapter 143 was not retroactive, and therefore did not affect contracts then in force, and on the further ground that, if it did apply to existing leases, it was invalid as an impairment of contract obligations. Section 2317 is printed in the margin,[1] and, since it is urged that interpretation of that section requires that it be read in pari materia with section 2316, the latter is likewise set forth.[2]

It is well settled that a retrospective operation will not be given to a statute which interferes with antecedent rights, unless such be "the unequivocal and inflexible import of the terms, and the manifest intention of the legislature" (Union Pacific Railroad Co. v. Laramie Stock Yards Co., 231 U. S. 190, 34 S. Ct. 101, 102, 58 L. Ed. 179), or unless the statute contains within it a declaration of retroactivity "clear, strong and imperative" (United States v. Heth, 3 Cranch, 399, 413, 2 L. Ed. 479; United States v. Burr, 159 U. S. 78, 15 S. Ct. 1002, 40 L. Ed. 82; Shwab v. Doyle, 258 U. S. 529, 42 S. Ct. 391, 66 L. Ed. 747, 26 A. L. R. 1454). It is not so much the contention of the appellant that the amended statute is by its terms retroactive, or that if so it would be immune to an attack upon its validity, but rather that there were no vested rights inuring to the several landlords under section 2317 read in the light of section 2316.

The argument amounts to this: Section 2317 creates not a vested or technical lien upon the tenant's property for an amount equal to twelve months' rent, but merely an inchoate right to impress a lien thereon, that this is demonstrated by the provision of section 2317 that, if property is removed from the leased premises, the landlord shall have a superior lien for but fifteen days, and by the provisions in section 2316 that, if incumbered property is carried upon the leased premises, liens thereon shall prevail against a distress warrant or attachment for rent, and that, if liens are created while the property is on the leased premises, a distress or attachment for rent shall have

---

[1] "§ 2317. *Lien of landlord; removal of property, lien for fifteen days.*—A landlord shall have a superior lien on the produce of the farm or premises rented, on the fixtures, on the household furniture, and other personal property of the tenant, or under-tenant, owned by him, after possession is taken under the lease; but such lien shall not be for more than one year's rent due or to become due, nor for any rent which has been due for more than eleven months. And if any such property be removed openly from the leased premises, and without fraudulent intent, and not returned, the landlord shall have a superior lien on the property so removed for fifteen days from the date of its removal, and may enforce his lien against the property wherever found."

[2] "§ 2316. *Liens created on property before and after removal to premises.*—All valid liens upon the personal property of a lessee, assignee, or under-tenant, created before the property was carried upon the leased premises, shall prevail against a distress warrant or attachment for rent. If such lien be created whilst the property is on the leased premises, and on property upon which the landlord hath a superior lien for his rent, then to the extent of one year's rent, whether the same accrued before or after the creation of the lien, a distress or attachment shall have preference, and be first satisfied, provided the same is sued out in one hundred and twenty days from the time the rent was due."

preference only if sued out in 120 days from the time the rent was due. These provisions are said to indicate that, while the landlord is entitled to impress a lien upon the tenant's property, there is no vested lien until he has sought to enforce his right either by distraint or attachment.

We do not so read the statute. The lien is granted in clear and express terms. The identifiable events, to borrow a phrase from the tax cases (United States v. S. S. White Dental Mfg. Co., 274 U. S. 398, 401, 47 S. Ct. 598, 71 L. Ed. 1120), which under the statute subject the tenant's property to the landlord's lien, are the taking of possession under the lease (section 2317), or the carrying of property upon the leased premises (section 2316). The provisions of the several sections referring to the steps by which the lien is enforced, or to conditions under which it may be lost, are not to be construed as deferring the vesting of the lien until such steps are taken, or until such conditions can no longer arise. Nor does this mean that a lien may not be waived or the landlord estopped from asserting it, as in Kaye v. MacMillan, 60 F.(2d) 7 (C. C. A. 6).

The principal, if not the sole, reliance of the appellant is the decision of this court in Louisville Woolen Mills v. Johnson, 228 F. 606. We think this case is misinterpreted by counsel here as it was by the referee below. The Johnson Case involved section 2487 of the Kentucky Statutes (1909) which provided for a materialman's lien upon property of any manufacturing establishment when assigned for the benefit of creditors, or to be distributed among them. Section 2488 gave this lien priority over mortgages or other incumbrances, and section 2490 directed that, when such business was sold or transferred, or the property taken upon attachment or execution so that the business was suspended, the lien should attach as fully as provided in section 2487. The nature of the interest under this statute inuring to the persons who furnished materials had been previously considered by this court in Re Bennett, 153 F. 673. It had been there held that, whatever the real nature of the interest contemplated by the statute to be given to or retained by the vendor, it gave such a right of priority upon the distribution of the insolvent estate as must be recognized by the bankruptcy law.

With this decision before it, the court considered the facts of the Johnson Case.

The vendor there had contracted to sell a quantity of merchandise to the bankrupt. After some of it was delivered, the Legislature re-enacted section 2487 (Acts 1914, c. 49), omitting therefrom the reference to persons furnishing materials or supplies, whereby it resulted that the vendor could have no lien for any goods contracted for after the date of the new law. The remainder of the goods were, however, delivered to the bankrupt, and the vendor asserted a lien under the original section both upon the goods delivered prior to the effective date of the new law and upon those delivered thereafter. The court sustained the lien upon the former, but denied it validity on the latter, on the ground that as to them there was not even an inchoate lien; the vendor not having as to them a right of such a fixed and unavoidable character as not to be substantially distinguished from a true lien, but only the right to get in the future an inchoate lien, if in the future it should ship the goods. The decision in the Johnson Case was sound, as the statute there described the persons entitled to lien as "those who should have furnished materials or supplies." Quite clearly those who had not furnished supplies, even though under contract to do so, could not under that language qualify as lienholders. In the instant case the landlords were lienholders as soon as the tenant took possession under the lease and brought property upon the premises.

A parallel to the Johnson Case under section 2317 might be one where a tenant had executed a lease but had not yet taken possession or brought any goods upon the property. In such case it might well be said that the landlord had no technical lien under the lease, but merely a right to lien if and when the tenant took possession. But that is not this case. Moreover, if we were to sustain the asserted interpretation of the statute we could not well avoid the ruling in the Johnson Case in so far as it sustained the lien upon goods delivered prior to the amendment of the statute. We think the first aspect of the decision there, as well as its reasoning, supports the order below. We find it unnecessary, therefore, to consider the validity of the statute if otherwise interpreted.

The order is sustained.

ALLEN, Circuit Judge, concurs in the result.