## In re BROWN.
### No. 20357.

District Court, W. D. Pennsylvania.
April 3, 1939.

Patterson, Crawford, Arensberg & Dunn, of Pittsburgh, Pa., for trustees.

Solis Horwitz, of Pittsburgh, Pa., for Charles E. Grimes and other creditors.

Watson B. Adair, of Pittsburgh, Pa., referee in bankruptcy.

Robert C. Sproul, in pro. per.

GIBSON, District Judge.

Charles E. Grimes, a wage claimant, has brought up for review the order and schedule of distribution filed by the Referee on April 3, 1939.

By his order the Referee allowed the claim in full of A. M. and J. B. Speer, Trustees, and, as a consequence, no fund was left to pay wage claimants.

Just one week before the Chandler Act became effective, 11 U.S.C.A. § 11 et seq., A. M. and J. B. Speer, Trustees, distrained upon the goods of Marie Farrell Brown in her store rented from the estate represented by them. On the following day the voluntary petition of the bankrupt was filed, a receiver was appointed and procedure upon the distraint was restrained. The receiver sold the goods seized by the landlord under distraint, and the proceeds constituted the fund for distribution.

The matter for decision before the Referee, and now before this court, was whether Section 67c of the Chandler Act was effective, 11 U.S.C.A. § 107(c), and the wage claimants were thereby preferred to the landlord upon the distribution after that Act became effective, or whether the landlord, having acquired his lien prior to that Act going into effect, was entitled to priority. The Referee gave the matter careful consideration and held that the landlord's priority was not taken away by the Chandler Act provisions. The court finds itself in accord with the opinion and ruling of the Referee. It therefore sustains his order.