In the Matter of FREEZE–IN MANUFAC-
TURING CORPORATION, a Michi-
gan corporation, Bankrupt.

No. 33400.

United States District Court,
E. D. Michigan, S. D.

Jan. 10, 1955.

Paul T. Dwyer, Corp. Counsel, Alfred
S. Stolinski and Chester J. Sowinski,
Assts. Corp. Counsel, Detroit, Mich., for
City of Detroit.

Fred W. Kaess, U. S. Atty., John L.
Owen, Asst. U. S. Atty., Detroit, Mich.,
John D. Kiley, Regional Counsel, Chica-
go, Ill., Robert B. Pierce, Sp. Atty., In-
ternal Revenue Service, Detroit, Mich.,
of counsel, for the United States.

LEVIN, District Judge.

The City of Detroit has filed a petition
to review the referee's amended order
of distribution, based upon his ruling
that in the absence of an express stat-
utory provision in the Bankruptcy Act
for the order of satisfaction of tax liens,
such liens were to be satisfied in the

order of time at which they became effective.

■■ The tax liens of the United States arise under 26 U.S.C. § 3670, (1952) (now Int.Rev.Code 1954, § 6321). The liens of the City of Detroit for unpaid personal property taxes arise under Sections 1 and 26 of Chapter IV of Title VI of the Charter of the City of Detroit. These liens were not accompanied by possession of the personal property and were, therefore, postponed under § 67, sub. c(1) of the Bankruptcy Act, 11 U.S.C.A. § 107, sub. c(1) in payment to the debts specified under clauses (1) and (2) of § 64, sub. a of the Act, 11 U.S.C.A. § 104, sub. a.

After the payment of administrative expenses and wages, $633.51 of the bankrupt's assets remained to be applied in satisfaction of liens of taxing authorities. Liens of the United States in the amount of $535.39 were prior in time to any lien asserted by the City of Detroit. These liens were ordered first satisfied. The remaining assets of the bankrupt, $98.12, were ordered paid in satisfaction of the 1950 personal property tax lien of the City of Detroit, the next effective lien in time.

The applicable Michigan statute provides:

"*　*　* The personal property taxes hereafter levied or assessed by any city or village shall be a first lien, prior, superior and paramount to any other claims, liens and encumbrances whatsoever upon the personal property assessed as herein provided　*　*　*." C.L.1948 § 211.40; M.S.A. § 7.81.

It is the City's first contention that the specific language of the State statute is effective to give priority of payment in bankruptcy to the City's lien, notwithstanding the existence of earlier Federal tax liens. The City argues that the principle of "first in time, first in right" as followed in United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 371, 98 L.Ed. 520 (not a bankruptcy case), does not apply to bankruptcy proceedings.

In support of this contention the City asserts that R.S. § 3466, 31 U.S.C.A. § 191, giving absolute priority to the payment of indebtedness owed to the United States by an insolvent debtor, does not apply in bankruptcy matters. The City infers that the priorities given liens of the Federal government under 26 U.S.C. § 3670, United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53, are also to be disregarded in bankruptcy, or at least in the absence of express provisions in the Bankruptcy Act are to be subordinated to the express superiority given State liens under State lien law. The City concludes by asserting that, since the Bankruptcy Act is silent as to the order of satisfaction of tax liens, the Court must look to the applicable State law. The Court is therefore urged to apply the State statute, cited above, which establishes the City's tax lien as "*　*　* a first lien, prior, superior and paramount *　*　*."

I take the view that the principle asserted by the United States and adopted by the referee is correct. The United States, conceding at least for the purpose of this case that the liens are of equal dignity, contends only that such liens should be satisfied in the order of their time of effect.

In United States v. City of New Britain, supra, the Supreme Court stated:

"We believe that priority of these statutory liens is determined by another principle of law, namely, 'the first in time is the first in right.' As stated by Chief Justice Marshall in Rankin v. Scott, supra [12 Wheat. 177, 6 L.Ed. 592]:

"'The principle is believed to be universal, that a prior lien gives a prior claim, which is entitled to prior satisfaction out of the subject it binds, unless the lien be intrinsically defective, or be displaced by some act of the party holding it, which

shall postpone him in a Court of law or equity to a subsequent claimant.' 12 Wheat. at page 179, 6 L.Ed. 592. This principle is widely accepted and applied, in the absence of legislation to the contrary. 33 Am.Jur., Liens, § 33; 53 C.J.S., Liens, § 10b. We think that Congress had this cardinal rule in mind when it enacted § 3670, a schedule of priority not being set forth therein. Thus, the priority of each statutory lien contested here must depend on the time it attached to the property in question and became choate."

■ The principle of that case should apply here. In the absence of express provisions in the Bankruptcy Act for the order of satisfaction of liens, the rule of "first in time, first in right" should apply. Congress no doubt had this cardinal principle in mind. See United States v. Sampsell, 9 Cir., 153 F.2d 731.

■ The argument asserted by the City would permit, by force of a State statute, the City's lien to displace a prior existing Federal lien. As stated in the New Britain case, supra:

"Obviously, the State cannot on behalf of the City impair the standing of the federal liens, without the consent of Congress. State of Michigan v. United States, 317 U.S. 338, 340, 63 S.Ct. 302, 303, 87 L.Ed. 312; United States v. State of Oklahoma, 261 U.S. 253, 260, 43 S.Ct. 295, 297, 67 L.Ed. 638; United States v. Snyder, 149 U.S. 210, 214, 13 S.Ct. 846, 847, 37 L.Ed. 705."

The United States urges that under the provisions of the 1952 amendment to the Bankruptcy Act, § 67, sub. c(2), 66 Stat. 427; 11 U.S.C.A. § 107, sub. c(2), the entire assets of the bankrupt should be paid to satisfy Federal tax liens. The amendment provides as follows:

" * * * and (2) the provisions of subdivision b of this section to the contrary notwithstanding, statutory liens created or recognized by the laws of any State for debts owing to any person, including any State or any subdivision thereof, on personal property not accompanied by possession of, or by levy upon or by sequestration or distraint of, such property, shall not be valid against the trustee * * *."

■■ I am of the opinion that the order of distribution in this case should be properly entered without reference to the 1952 amendatory provision. The petition for bankruptcy was filed April 3, 1951. The amendatory act became effective October 7, 1952, 66 Stat. 438. The statutory liens for taxes had become effective and vested prior to that date. The amendatory provision should not be construed to have retrospective effect unless such is compelled by the express language of the statute. In Ginsberg v. Lindel, 107 F.2d 721, 726, an analogous case was presented to the Eighth Circuit Court of Appeals. The issue therein involved the applicability of the 1938 amendment to the Bankruptcy Act. In determining whether section 64a of the amendatory act should be construed to apply retrospectively, the Court stated:

"There is nothing contained in the Chandler Act to indicate that Congress intended that section 64, sub. a, should be construed retrospectively; and in the absence of explicit language requiring such construction we are not disposed so to construe it, especially when to do so would result in depriving a citizen of a vested right. It is the general rule that a retrospective operation will not be given to a statute which interferes with antecedent rights, unless such be the unequivocal and inflexible import of its terms and the manifest intention of the legislature. United States Fidelity & Guaranty Co. v. United States, to Use of Struthers Wells Co., 209 U.S. 306, 314, 28 S.Ct. 537, 52 L.Ed. 804; Louisville Woolen Mills v. Johnson, 6 Cir., 228 F. 606; Holt v. Henley, 232 U.S. 637, 34 S.Ct. 459, 58 L.Ed. 767; Jones v. Fidelity

& Columbia Trust Co., 6 Cir., 73 F.2d 446; Western Pacific R. Corp. v. Baldwin, 8 Cir., 89 F.2d 269; Home Indemnity Co. v. State of Missouri, 8 Cir.. 78 F.2d 391."

It should be noted that the provision regarding the effect of the 1952 amendatory act, Section 56, 66 Stat. 438, is worded without material difference from the comparable provision of the 1938 amendment, Section 6, 52 Stat. 940. We think that the reasoning of the above-cited case applies with equal validity to the present case. See also 4 Collier on Bankruptcy, 14 Ed., § 67.20(7); In re Brown, D.C., 27 F.Supp. 807; In re Edmunds, D.C., 27 F.Supp. 196.

The amended order of distribution of the referee is affirmed.