Rae FRIEDMAN, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2769.

Municipal Court of Appeals for the District of Columbia.

Argued June 12, 1961.

Decided July 5, 1961.

---

Leonard Kaplan, Washington, D. C., for appellant.

H. Thomas Sisk, Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Prin. Asst. Corp. Counsel, and Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, retired) sitting by designation under Code, § 11–776(b).

CAYTON, Acting Judge.

In 1952 appellant bought real property in the District of Columbia. More than six years later the water registrar of the District asserted a lien against the property for water charges incurred by a former owner. Appellant challenged the validity of the alleged lien, but District officials went ahead and sold the property, and in order to redeem it appellant paid the accrued amount to the District Government, under protest. Appellant brought this action to recover the amount so paid.[1]

The factual situation was developed in the pleadings and in cross motions for summary judgment. The motion of the District was granted, and this appeal followed.

It is clear that when appellant bought the property in 1952 there was no lien against it for accrued water charges, and no duty by appellant to pay delinquent charges incurred by the former owner. In 1947, in a similar case, we ruled that the District had no right to enforce payment. Farrell v. Ward, D.C.Mun.App., 53 A.2d 46. There we held that water rents do not constitute a lien on the property supplied unless it is so provided by statute in express terms or by necessary implication. We also held that in the absence of a statute expressly authorizing it, or making arrearages for water rents a lien on the property, the District has no right to compel an owner to pay charges incurred by a former owner or occupant.

The District contends that such is no longer the law, and that a new statute,

---

1. Earlier she had sought to have the dispute determined by injunction, but we ruled that the trial court had no jurisdiction to grant such relief. Friedman v. District of Columbia, D.C.Mun.App., 155 A.2d 521.

passed in 1954, not only created a lien but made it retroactive so as to bind appellant to pay charges accruing more than two years earlier. The statute reads "The District shall have a continuing lien for water charges upon any land and the improvements thereon to which water or water service is or has been furnished * * *." and authorizes enforcement of such lien by sale of the property. Code 1951, § 43–1521c (Supp. VIII). Appellant contends that to give the statute the retroactive interpretation sought by the District would deprive her of vested property rights by imposing a lien where none existed before.

■ We agree with the District that the acts of Congress governing the water system represent a valid exercise of the police power. And we agree that in the exercise of such power existing property rights may sometimes be impaired by legislation retroactive in scope.[2] But, as has many times been held, retroactive operation will not be imported into a statute so as to interfere with vested rights unless the statutory language clearly and unequivocally authorizes such an interpretation.[3]

■ We do not think such result was authorized in this case. Congress gave the District the right to a continuing lien upon land "to which water or water service is or has been furnished." That was by an Act effective August 1, 1954, more than two years after appellant bought the property. The lien which then attached to property was a continuing one and would, we assume, remain in force from one ownership to another in the future. But does it reach back into the past? It must be remembered that when appellant bought the property in 1952 it was not subject to any lien whatever for water charges, and appellant could not lawfully have been compelled to pay any charges incurred by the former owner. We find nothing in the 1954 Act or in the legislative history behind it which manifests an intention to create a retroactive lien in a situation like this, or to compel appellant to pay the obligation of an earlier owner. Recognized rules of statutory construction require us to hold that appellant's position is sound, in logic and in law.

Reversed, with instructions to enter judgment for plaintiff.

---

2. Speert v. Morgenthau, 73 App.D.C. 70, 116 F.2d 301; Kahn v. Wall, D.C.Mun. App., 68 A.2d 862.

3. Union Pacific R. Co. v. Laramie Stock Yards Co., 231 U.S. 190, 34 S.Ct. 101, 58 L.Ed. 179; Jones v. Fidelity & Columbia Trust Co., 6 Cir., 73 F.2d 446; Louisville Woolen Mills v. Johnson, 6 Cir., 228 F. 606, certiorari denied 241 U.S. 665, 36 S.Ct. 549, 60 L.Ed. 1228; In re Freeze-in Manufacturing Corp., D.C.E.D.Mich., 128 F.Supp. 259. See also Kalis v. Leahy, 88 U.S.App.D.C. 166, 188 F.2d 633, certiorari denied 341 U.S. 926, 71 S.Ct. 797, 95 L.Ed. 1358; Kindleberger v. Lincoln Nat. Bank of Washington, 81 U.S.App.D.C. 101, 155 F.2d 281, 167 A.L.R. 1011, certiorari denied 329 U.S. 803, 67 S.Ct. 495, 91 L.Ed. 686; Neild v. District of Columbia, 71 App.D.C. 306, 110 F.2d 246.