## OSWALD v. HAYES.

1. **Mortgage:** SALE OF PERSONAL PROPERTY. When the mortgagor of personal property sold the same with the consent of the mortgagee, the purchaser undertaking to pay a part of the mortgage debt, and agreeing that the lien of the mortgage should in the meantime continue, and the purchaser afterward sold the property to one who had no knowledge of the agreement between the purchaser and the mortgagee and no actual notice of the mortgage: *Held*, that the lien of the mortgage followed the property into the hands of the last purchaser.

*Appeal from Clinton District Court.*

TUESDAY, DECEMBER 14.

THIS cause was submitted to the District Court under Chapter 10, Title 20, of the Code, upon an agreed statement of facts, which is as follows:

"On the 25th day of May, 1873, one George Thurston, a resident of the county of Clinton, in the State of Iowa, bought of Walter I. Hayes, a resident of the same place, a certain hack, and for the purchase price thereof gave to said Walter I. Hayes a chattel mortgage, being in due form, properly acknowledged, and recorded in the office of the recorder of said Clinton county, on the 28th day of May, 1873, in book N. of chattel mortgages, on page 391. That thereafter the said Thurston, who had possession of the said hack, sold the same to one A. B. Paine, a resident of said county, who took possession thereof. That at the time of said sale to said Paine, the said Hayes knew thereof and consented thereto, and said Paine knew of the existence and terms of the said mortgage, bought said hack subject thereto, and agreed to pay a portion thereof, and said Hayes agreed to release said hack upon payment of said portion. That thereafter said Paine sold and delivered said hack to said Oswald, a resident of the county of Jackson, State of Iowa, without informing him of any of the foregoing facts, and said Oswald had no actual knowledge of any of said facts, and said Hayes did not know of said sale to said Oswald until after its completion, and then

took possession of said hack under said mortgage, and now holds the same; said portion assumed by said Paine, or no part thereof, having as yet been paid. The said unpaid portion of said mortgage, and the expenses of said Hayes in taking said hack now amount to $64.00. It is further agreed that if the court is of opinion, upon the facts above stated, that the plaintiff is entitled in law to recover of the defendant the possession of said hack, then the court shall render judgment in favor of the plaintiff for the return thereof, with costs of suit; but if the court is of opinion, upon said facts, that the plaintiff is not entitled in law to recover the possession thereof, then judgment is to be rendered for the defendant for $64.00, with interest at ten per cent from this date, and costs of suit, and execution is to issue as in case of foreclosure."

Judgment was rendered against the defendant, as provided for in the agreement of submission. The court gave the proper certificate required by Code, § 3173. Whereupon defendant appeals.

*J. Ellen Foster*, for appellant.

*Geo. C. Heberling* and *Graham & Cady*, for appellee.

BECK, J.—I. It will be observed that the sale by Thurston to Paine was made subject to the mortgage, and with full knowledge on the part of the purchaser of its existence, and upon an agreement by him to pay a part thereof. Hayes had knowledge of the sale and assented thereto upon the express terms that the sale was made subject to the mortgage, and that he should receive a part of his pay from Paine. As between Paine and Hayes, it cannot be doubted, the mortgage continued to bind the property. The purchaser from Paine acquired just such right and title as Paine held. This certainly is so unless he is, in some way, prejudicially affected by the assent of Hayes to the sale, or unless the act of Hayes will estop him to set up his lien on the property.

1. MORTGAGE: sale of personal property.

II. Oswald, had the sale to Paine been without the assent and knowledge of Hayes, it will be admitted, could not have

held the property free from the mortgage.    Now the agree-
ment and assent of Hayes, under which the sale was made to
Paine, in no degree imposes an additional burden upon
Oswald—he is in the same position he would have occupied
had the sale to Paine been without Hayes' assent.    It may be
remarked, in this connection, that Oswald had the same pro-
tection and benefits from the registry laws as though the sale
had been without Hayes' assent.

III.    There is no ground upon which an argument can be
based, supporting the theory that Hayes is estopped to set up
his mortgage against plaintiff.

Oswald's purchase was without knowledge on his part of
Hayes' agreement; there was no fraud on Hayes' part, and in
no way was Oswald's purchase influenced by Hayes' act.    In
view of these facts, Hayes is not estopped to set up his lien
upon the property against Oswald.

IV.    Plaintiff's counsel insist that, as Hayes held the title
of the property and right of possession, and united with the
mortgagor in the sale, the absolute title passed to the pur-
chaser free from Hayes' lien.    But the difficulty with this
position is, that Hayes consented to the sale of the property
with the express understanding that it should be bound by his
mortgage.    The act of Hayes, whatever it may now be termed,
was based upon this condition.    It was not, therefore, such a
transaction as waived or defeated the mortgage.

V.    It is insisted that Oswald is prejudiced because, on
account of the assent of Hayes to the sale, the mortgagor cannot
be punished criminally under Rev., § 4236.    But this section
by no means can be so construed that under it an assent by the
mortgagee to the sale of mortgaged property will, of itself,
defeat the mortgage.    Unless it be so construed, the mortgage
holds the property after a sale upon the assent of the mort-
gagee.    If the purchaser from the mortgagor did not have the
protection which the statute affords through terror of punish-
ment for the sale, on account of the assent of the mortgagee,
all that can be said is that the law does not so provide, and
this, like many other things that might protect him, is not
given him by the law.

The questions involved in this case are all within very narrow limits. We have been referred by counsel of neither party to cases which we esteem in point upon the particular facts of the case.

It is our opinion that the District Court erred in rendering judgment for plaintiff.

REVERSED.