Fargo & Co. v. Ames.

REVERSED.

---

## FARGO & CO. v. AMES ET UX.

1. **Partnership**: LIABILITY OF PROPERTY FOR FIRM DEBTS: ATTACHMENT. An attachment of partnership property for a partnership debt will prevail over a prior attachment of the same property for a separate debt of one of the partners, or over a mortgage of one of the partners to secure his individual indebtedness.

2. ——: MORTGAGE BY PARTNER. A mortgage upon the firm property by a partner to secure his separate debt covers the entire joint property, subject to the claims of his co-partners therein, and if he secures the release of these claims the lien of the mortgage becomes absolute upon the whole property.

*Appeal from Black Hawk Circuit Court.*

WEDNESDAY, APRIL 4.

THE defendant, D. B. Ames, formed a co-partnership with one Lawson for the manufacture and sale of boots and shoes, which co-partnership continued for a few months. While it was in existence the defendant, D. B. Ames, executed to his wife, the defendant, Marion Ames, a mortgage upon the firm stock to secure an individual debt due from him to her. The plaintiffs are creditors of the firm. The defendant, Marion

Ames, has taken possession of the stock under the mortgage. The plaintiffs seek to reach the stock by garnishing her. Issue having been taken upon her answer, the case was tried to the court, and judgment rendered establishing her said mortgage as paramount to plaintiffs' lien by attachment. Plaintiffs appeal.

*Boies, Allen & Couch,* for appellants.

*J. L. Husted,* for appellees.

ADAMS, J.—An attachment of partnership property for a partnership debt will prevail over a prior attachment of the same property for a separate debt of one of the partners. *Pierce v. Jackson,* 6 Mass., 242. So doubtless an attachment of partnership property for a partnership debt will prevail over a mortgage executed upon the same property by one of the partners to secure his separate debt. In this case, however, it is claimed that at the time of plaintiffs' attachment the property had ceased to be firm property and had become the private property of the defendant, D. B. Ames, the said Marion Ames' mortgagor. On this point the evidence is far from satisfactory, and the Circuit Court made no finding of fact expressly in relation thereto. Lawson testifies, in substance, that he sold his interest in the stock to his co-partner, Ames; but, taking his statements altogether, we are left in great doubt. Ames, although called as a witness, testifies to nothing upon the point. But, meager and unsatisfactory as the evidence is, we are of the opinion that if the Circuit Court had found the fact of such sale we should not be justified in setting the finding aside. The Circuit Court did not find expressly either that the sale was made or that it was not made. It found other facts but omitted this. No exception was taken to a lack of finding upon this point. No request appears to have been made to find specifically upon this point. The conclusion of law reached by the court is such as to show that the court must have found in its own mind that such

*Marginal note:* 1. PARTNERSHIP: liability of property for firm debts: attachment.

sale was made; and in the state of the record we feel bound to take such to be the fact.

It is claimed, however, by the appellants, that conceding such to be the fact the said Marion Ames' mortgage would not cover the interest thus sold. Their argument, in substance, is this: Her mortgage, at most, at the time it was executed, covered only such residuum of interest as would belong to her mortgagor upon a full settlement of the partnership affairs. If afterwards the mortgagor acquired a greater interest it could not pass by the mortgage already executed. This position we do not think can be sustained. The mortgage purported to cover the entire stock, and in one sense we may say that it did so in fact. Each partner may be regarded as the owner of the stock, subject to the claim of his co-partner therein. If either partner secures the release of his co-partner's claims, the stock ceases to be firm property and the title becomes absolute in the partner who has secured such release.

Again, it is conceded that the mortgage conveyed whatever interest would belong to the mortgagor upon dissolution and settlement of the partnership. If any sale was made it was the result of such dissolution and settlement. It was what remained to him after Lawson had been settled with and paid off. We think that the judgment of the Circuit Court must be

AFFIRMED.