HIRSCH, WICKWIRE COMPANY, Appellant, v. DENISON CLOTH-
ING COMPANY and JULIUS SONKSEN, Appellees.

**Partnership:** MARSHALLING OF ASSETS: RIGHTS OF CREDITORS.  In equity
partnership property constitutes a fund for the payment of partner-
ship debts, the separate property of the partners being liable for
their individual debts; and individual creditors cannot look to firm
property until the firm debts are paid, and firm creditors cannot look
to individual property until the individual debts are paid.  So that
where a creditor of a partnership and also of one of the partners
received funds of both the firm and the individual, a co-partner had
the right to insist that the firm funds should be first applied to the
firm debts; especially that portion received after knowledge by the
creditor that he was receiving firm funds, and that no part of the
funds received should be applied on the debt of the partner, except
payments made from his individual funds.

*Appeal from Crawford District Court.*—HON F. M. POWERS,
Judge.

SATURDAY, DECEMBER 14, 1912.

ACTION upon account for goods and merchandise sold
and delivered.  Defendant Sonksen filed an answer and coun-
terclaim, and upon the issues joined the trial court dismissed
plaintiff's petition and rendered judgment for the defendant.
Plaintiff appeals.—*Affirmed.*

*Mayne & Hazleton,* and *Harding & Kahler,* for appellant.

*Shaw, Sims & Keuhnle,* for appellees.

DEEMER, J.—This case is ruled by *Wile, Weill & Co. v.
Denison Clothing Co. et al.,* decided at the present term.
In addition to the authorities there cited, we may properly

call attention to the fact that this is an equitable action for an accounting, and involves the doctrine of the proper application of funds.   Plaintiffs here are creditors of C. C. Kemming, and also of the firm of Kemming & Sonksen, doing business under the name of the Denison Clothing Company.   It has received funds or property of the partnership and some funds belonging to Kemming individually.   In this action, brought against all the parties, defendant Sonksen asks a marshaling of the debits and credits, and insists that payments made by the partnership, or out of partnership funds, shall be applied to the firm debts, especially those payments made after notice or knowledge by plaintiff that it was receiving partnership funds, and that nothing should be credited upon the individual debts of Kemming, save payments made by him from his individual funds.   That this is the rule everywhere recognized is certain from an examination of the authorities.   *Vide, Hoaglin v. Henderson,* 119 Iowa, 720; *Farwell v. St. Paul Co.,* 45 Minn. 495, (48 N. W. 326, 22 Am. St. Rep. 747) ; *National Bank v. Brubaker,* 128 Iowa, 592; *Reyburn v. Mitchell,* 106 Mo. 365 (16 S. W. 592, 27 Am. St. Rep. 353) ; *Morrison v. Blodgett,* 8 N. H. 238, (29 Am. Dec. 658) ; *Evans v. Hawley,* 35 Iowa, 83.

In Parsons on Partnership (4th Ed.) Sections 382 and 402, it is said:

This is still more the case with questions of bankruptcy, which go into equity almost exclusively.   We might expect that questions which connect partnership with bankruptcy should be, more than most others, determined on equitable principles.   Hence the rule is distinctly established in equity that in bankruptcy of a partnership the joint property forms a fund appropriated to the joint creditors, and the several property of each creditor a several fund appropriated to the several creditors of each partner.   And the joint creditors cannot go to the several property until the several creditors are paid in full, and there is a surplus over, by which the joint creditors may benefit.   On the other hand, the several creditors cannot look to the joint fund until all the joint debts are

paid, and there is a surplus; and then the several creditors of a partner may resort to that partner's interest in that surplus. It has, however, been held that if one partner pays more than his share of the partnership debts he has, in equity, a claim on the partnership property superior to the claims of the separate creditors of the copartners.

While solvent partners cannot prove against the joint fund to the prejudice of joint creditors, because they are liable to those creditors, they may prove against the joint fund, in competition with the several creditors, to whom they are not liable. Indeed, their rights are prior to those of the several creditors; for those creditors can have the right of their debtor to the joint fund only after all claims upon it are satisfied, and, among these, the claims of the other partners. On this point, it must be the general rule, applicable to all partnerships, whether they be general or confined to a particular business or a particular transaction, and, indeed, to all joint adventures and enterprises of every kind, that they must be first settled, and the mutual claims and balances of the copartners and coadventurers be adjudged, before the divisible surplus is ascertained; and then the right of each one is only to his share of this surplus, and the creditors of each one can reach and acquire only his right. It follows, therefore, that the several creditors of each one will be postponed, so far as the joint assets go, not only to the joint creditors, but to the claims of the coadventurers for balances due from their companions, arising out of the adventure.

Applying these rules, it follows that the decree of the district court must be, and it is, *Affirmed.*