IN RE ASSIGNMENT OF CUTLER & HORGEN.

**PARTNERSHIP:** Mortgages—Mortgage on Partner's Interest—Priority. A recorded chattel mortgage executed by an incoming partner to an outgoing partner on the one-half interest in the partnership property and on future additions thereto, and representing the purchase price of said interest (all with the consent of the old partner who remains in the business), is superior in right to the *subsequently contracted debts of the new partnership.*

**LANDLORD AND TENANT:** Lien—Sale Under Judicial Process—Refusal of Future Rent. A landlord who buys the property of the tenant under a sale by an assignee for the benefit of creditors and immediately resumes possession of said property on his own premises and continues the business formerly carried on by the tenant is properly refused any allowance of future rent under the interrupted lease. (See Sec. 10263, Code of 1924).

**COSTS:** Attorney Fees—Allowance in Insolvency Proceedings. Attorney fees are properly allowed under a chattel mortgage which stipulates for such fees and which is filed as a claim in assignment proceedings for the benefit of creditors.

**ASSIGNMENTS FOR BENEFIT OF CREDITORS:** Settlement—Refusal of Attorney Fees. Attorney fees for services on behalf of an assignee for the benefit of creditors are properly denied when such services were rendered without any expectation of receiving compensation therefor.

Headnote 1:   30 Cyc. p. 548.   Headnote 2:   36 C. J. pp. 337, 339. Headnote 3:   11 C. J. p. 738 (Anno).   Headnote 4:   6 C. J. p. 731.

Headnote 3:   2 R. C. L. 666.

*Appeal from Mitchell District Court.*—JOSEPH J. CLARK, Judge.

MARCH 15, 1927.

REHEARING DENIED NOVEMBER 15, 1927.

An action to establish certain claims against an estate. From the ruling of the district court Frank S. Lohr and S. W. Lohr appeal.—*Modified and affirmed.*

*F. W. Lohr,* for appellants.

*Kugler & Bartlett, F. C. Bush, G. E. Marsh,* and *A. E. Brown,* for appellees.

ALBERT, J.—I.  Prior to the 24th day of June, 1921, F. S. Lohr and E. V. Cutler constituted a partnership engaged in conducting a furniture and undertaking business in the town of Osage, Iowa, in a building owned by Lohr.  On the date above named, Lohr sold and transferred his undivided one-half interest in the business to P. M. Horgen, for the sum of $9,500, on which purchase price Horgen paid $5,000 cash, and executed to Lohr a note and chattel mortgage covering the property for the balance of $4,500.  The same was duly filed with the county recorder of Mitchell County on that date.  This chattel mortgage covered "an undivided one-half interest in the undertaking stock and equipment, and the furniture stock, belonging to the firm of Cutler & Horgen in Osage, Iowa, also an undivided one half of any and all additions made thereto from time to time," and set out a proper description of the location of said stock of goods.  Accompanying this mortgage were nine promissory notes, of $500 each, due every six months, only the first of which has been paid.  Cutler & Horgen continued to carry on this business until the 29th day of April, 1924, when they joined in a deed of assignment for the benefit of creditors.  In the progress of the settlement of this suit, F. S. Lohr filed claim based on a chattel mortgage, also a claim for landlord's lien for rent, and another claim for $50.  Objections were made to these claims originally by the firm of Cutler & Horgen, but later their objections were withdrawn.  Other creditors also made objections to these claims, and it was on the objections made by the creditors that the matter was tried in the lower court.

Some question is raised as to the timeliness of the filing of these objections, but in the conclusion we reach, this objection becomes immaterial.

The first question urged is that the district court erred in holding that the chattel mortgage was junior and inferior to the rights of the creditors of the firm of Cutler & Horgen.  As

1. PARTNERSHIP: mortgages: mortgage on partner's interest: priority.

stated above, the transfer of Lohr's interest in the stock to Horgen and the taking back of the chattel mortgage for part of the purchase price thereof constituted one transaction.  At the

time this sale occurred, the original firm of Lohr & Cutler had no outstanding indebtedness. In one of the filings in the case, signed "Cutler & Horgen, by E. V. Cutler," is the following:

"E. V. Cutler further states that such chattel mortgage [referring to the F. S. Lohr chattel mortgage] was made and executed by said P. M. Horgen with notice to said E. V. Cutler and with his knowledge and consent thereto."

The question, therefore, is whether or not a chattel mortgage given under the circumstances related in this case is inferior or superior to the rights of parties who became creditors of the new firm after the chattel mortgage was given.

The rule as generally stated is that a mortgage given by one partner on his interest in the partnership property to secure his individual indebtedness is subject to all partnership debts and liens. *Fargo & Co. v. Ames,* 45 Iowa 491; *Mayer & Loewenstein v. Garber,* 53 Iowa 689; *Hubenthal v. Kennedy,* 76 Iowa 707; *Johnston & Son v. Robuck,* 104 Iowa 523; *Hirsch, Wickwire Co. v. Denison Cloth. Co.,* 158 Iowa 117; *Clapp v. Adams,* 143 Iowa 697. A reading of each and all of these cases, together with all of the other cases cited in the brief of appellee, shows that in each instance the chattel mortgage was made after the partnership was a going concern, and the complaint in each instance came from a creditor of the partnership who was such at or before the time the chattel mortgage was given. No case is cited to us, nor have we, on careful search, been able to find a precedent, where the objector to the chattel mortgage became such after the chattel mortgage was given.

Appellee relies largely on the case of *Clapp v. Adams,* supra. A reading of that case, however, shows that the partnership had about reached an end when the chattel mortgage in question was given to one Hemingway. The prior creditors of the partnership of Clapp & Adams were objecting to allowing this chattel mortgage precedence over other claimants as creditors of the partnership. All of the claims objected to, however, were claims that antedated the chattel mortgage; hence the *Clapp* case does not solve the question before us.

Just what was the status of these parties at the time of the making of this chattel mortgage?

The original firm of Lohr & Cutler was, by operation of law, dissolved by the sale by Lohr of his interest therein. The

new firm of Cutler & Horgen was about to take over and continue the business conducted by the former firm. At the time of the making of this chattel mortgage, there were no creditors of the new firm, and no creditors of the old firm; hence no one could complain of the making of this chattel mortgage unless it be Cutler, who says, in his declaration above referred to, that he knew of the making of the chattel mortgage and consented thereto. This chattel mortgage was duly recorded, and it not only covered Horgen's interest in the property then in existence, but it provided for a mortgage on the undivided half of any additional property that was put into the stock. Having been duly recorded, it was constructive notice to all the world of its contents, and any person who dealt with the new firm constructively had notice of the existence of this chattel mortgage and its contents. These various creditors, now having claims against this new firm of Cutler & Horgen, therefore, are held to have known, at the time they dealt with the firm, that, if their goods went into the same, they would be covered by this chattel mortgage properly recorded. This being true, it follows that they cannot, under such circumstances, assert that the chattel mortgage is inferior to their rights as creditors. The district court erroneously held otherwise.

But it is urged that, because the mortgagee permitted the new firm to continue the business in the ordinary course of retail trade, without any provision in the mortgage that the proceeds of the sale should be applied upon the mortgage indebtedness, the mortgage was void as to these creditors of the firm, and we are cited to several decisions from sister states on this proposition, among which are: *Black Hills Merc. Co. v. Gardiner,* 5 S. D. 246 (58 N. W. 557); *Paxton & Gallagher v. Smith & Co.,* 41 Neb. 56 (59 N. W. 690); *Durr v. Wildish,* 108 Wis. 401 (84 N. W. 437).

There is no provision in this chattel mortgage authorizing the new firm to continue the business in the ordinary course of retail trade, and if the mortgage did contain that provision, it would not invalidate the mortgage. In *Meyer v. Evans,* 66 Iowa 179, at 185, this court said:

"It has often been held by this court that the fact that the mortgagor retains possession of the mortgaged property, and reserves the right to sell the same in the ordinary course of

trade, and apply the proceeds to his own use, does not render the mortgage fraudulent in law'' (citing Iowa cases).

II.   F. S. Lohr was the owner of the building in which this business was conducted both by the old and by the new firm. The new firm of Cutler & Horgen entered into a lease with F.

2. LANDLORD AND TENANT: lien: sale under judicial process: refusal of future rent.

S. Lohr for the occupation of the same building, which lease was to run from the 1st of July, 1921, to the 1st of July, 1926, at a monthly rental of $125.   The assignment in this case was made on the 25th day of April, 1924.   The assignee took possession of the stock, and continued to use the building until she sold the stock, on the 8th day of January, 1925.   At the time assignee took possession, there was one year's rent unpaid.   The assignee paid seven months' rent from the time she occupied the building as such assignee, and the court allowed the landlord for his one year of unpaid rent, and also for two months' rent while the building was occupied by assignee, on which the rent was unpaid.   Complaint is made of this order of the court's because he says that, under the law, he was entitled to six months' rent after the sale of the property by the assignee.

Regardless of what the general rule may be in such matters, the evidence shows that the landlord bought this stock of goods from the assignee, immediately moved in, and took possession of the same, and continued to conduct a retail business in the building for which he was claiming rent.   Under these circumstances, we feel that the order of court was right.

That the attorney filing this mortgage and having proven up, is entitled, after having filed the proper affidavit, to have attorney's fees taxed, as provided in the notes, see *Davidson v. Vorse,* 52 Iowa 384.

3. COSTS: attorney fees: allowance in insolvency proceedings.

It is further urged that there should be an equitable apportionment made of the costs in the assignment, and that certain costs therein should not be considered in determining the dividend that F. S. Lohr should receive on his chattel mortgage.   With this we do not agree.   The statute marks out the method by which distribution is to be made in insolvent estates, and we have no disposition to disturb the ruling of the district court thereon.

F. W. Lohr also appeals in this matter, claiming that he performed certain services for the assignee, who was a sister of

his, and that the reasonable value thereof was something over

4. ASSIGNMENTS
FOR BENEFIT OF
CREDITORS: set-
tlement: refusal
of attorney fees.

$200. The evidence, however, shows that the contemplated insolvency proceedings of this firm were pending for some time before the deed of assignment, and that F. W. Lohr was attorney for his brother, F. S. Lohr, in looking after the matter. Some tax matters also arose in the proceedings, resulting in a compromise with the county as to the taxes. The district court held that "it was not understood or intended by either him [F. W. Lohr] or the assignee that he was to make any charge for his services as attorney, but was rendering his services to her only because she was his sister, and for her benefit;" that, if he were subsequently employed by her, it was unnecessary to employ other attorneys. The firm of Kugler & Bartlett seems to have been the principal attorneys in looking after the assignee's business.

We have read the record, and it is sufficient to support the finding of the district court in disallowing attorney's fees to F. W. Lohr for services claimed.

This question of attorney's fees here, of course, has no reference whatever to the attorney's fees provided for with reference to the notes and chattel mortgage.

In accordance with this, the ruling of the district court will be modified by giving the chattel mortgage priority, as above indicated. Otherwise, the ruling of the district court is concurred in. If desired, the case may be remanded for judgment in the same court in accordance herewith.—*Modified and affirmed.*

EVANS, C. J., and DE GRAFF and MORLING, JJ., concur.

SUPPLEMENTAL OPINION ON PETITION FOR REHEARING.

JANUARY 17, 1928.

PER CURIAM.—In view of the peculiar situation that exists in this case, we deem it necessary to a final disposition thereof that a supplemental opinion be filed.

Frank S. Lohr and F. W. Lohr appealed separately from the original judgment in this case. As to the original opinion

filed, appellees filed a petition for rehearing, and Frank S. Lohr and F. W. Lohr, appellants, also filed a petition for rehearing, each party raising different questions, in effect amounting to separate petitions. When the matter was before this court on these petitions for rehearing, an entry was made that the petitions for rehearing of both parties were overruled. It is apparent, therefore, that one of the petitions for rehearing would not be covered by the ruling made.

Appellants filed motion for judgment in this court, which is resisted by appellees, showing that the application of the opinion, as written, to the fact situation in the case leaves some questions in doubt. That the matter may be clarified, the following supplement is made to the original opinion:

The record shows that, when the assignee took possession of this property, there were certain outstanding book accounts and other evidence of indebtedness that passed into the hands of the assignee which were not covered by this mortgage. There is also a further showing that the assignee continued the business and purchased new goods which were added to the stock, some of which also passed into the hands of the assignee. Likewise, these new goods purchased by the assignee would not be subject to the mortgage. The chattel mortgage covered an undivided one-half interest in the undertaking stock and equipment and the furniture stock, and also an undivided one half of all additions made thereto from time to time. The lien and rights of the mortgagee, therefore, were limited to the above description in the chattel mortgage: to wit, one half of the undertaking and furniture stock and equipment that went into the hands of the assignee on his appointment.

We held in the original opinion that the attorney for mortgagee was entitled to attorney's fees. These however, must be taken out of the property covered by the chattel mortgage, and not out of the other undivided one-half interest.

In the final distribution of the proceeds of this estate in the hands of the assignee, in determining the amount due the chattel mortgagee, the proceeds are not to be reduced by the compensation allowed the assignee, but are to bear their share of the usual cost of administration. 5 Corpus Juris 1256, Section 412.

F. W. Lohr shall pay one fifth of the taxed costs in this court, and the balance shall be taxed to appellees; but in the

distribution to be made by the lower court, no part of the costs taxed in this court against appellees is chargeable against the holder of the chattel mortgage. As we have not before us the data from which to make these various calculations, the case will be remanded to the district court for further proceedings in accordance herewith. The original opinion will be modified accordingly.

Motion for judgment in this court is overruled. All petitions for rehearing overruled.