**In the Matter of Verona Ann FORTSON, Debtor.**

**Bankruptcy No. 80–04550A.**

United States Bankruptcy Court,
N. D. Georgia,
Atlanta Division.

Oct. 13, 1981.

C. Richard McQueen, Greene, Buckley, Derieux & Jones, Atlanta, Ga., for petitioner.

Dwight D. Bowen, Atlanta, Ga., for respondent.

## MEMORANDUM OF OPINION

A. D. KAHN, Bankruptcy Judge.

In this opinion the court addresses the objections of Chrysler Credit Corporation ("Chrysler") to the Chapter 13 plan of Verona Ann Fortson. In its brief Chrysler set forth a statement of facts, which the Debtor generally accepted, with several additions of her own. The court hereby adopts the stipulated facts, and will incorporate them in this opinion as necessary.

■ Chrysler's first major objection to the Chapter 13 plan is that the plan does not give Chrysler adequate protection of its "enhanced" security interest in the Debtor's automobile. Chrysler holds title to the automobile as security for the Debtor's debt. But Chrysler also argues that its rights under the Vehicle Financing and Repurchase Agreement between itself and DeKalb Chrysler-Plymouth, Inc., are an interest in property that is not adequately protected under the plan.

This objection has no merit and must be overruled. Chrysler's contract rights vis-á-vis DeKalb Chrysler-Plymouth are independent of the Debtor's estate, 11 U.S.C. § 541, and Chrysler is not entitled to adequate protection with respect to them. Furthermore, Chrysler's interest in the automobile is adequately protected by the Debtor's proposed payments to Chrysler under the plan.

■ Chrysler's second major objection is that the plan should not be confirmed because the cram-down provisions in Section 1325(a)(5)(B) of the Bankruptcy Code are unconstitutional as applied in this case.

First Chrysler argues that it has a valuable property right in the Debtor's automobile by virtue of the Repurchase Agreement, that the right somehow attached through its perfected security interest in the automobile, and that on confirmation Chrysler will lose this property right. Chrysler argues that this loss constitutes a taking of property without due process of law, citing, *inter alia, Ginsberg v. Lindel,* 107 F.2d 721 (8th Cir. 1939).

Chrysler's second objection to the constitutionality of Section 1325(a)(5)(B) as applied is that it retroactively destroys Chrysler's property rights under the Repurchase Agreement, such rights having been fully vested prior to November 6, 1978, the date of the enactment of the Bankruptcy Reform Act of 1978.

Chrysler's objections are without merit and must be overruled. The application of the Code in this case does not have the effect of depriving Chrysler of substantive rights in specific property in violation of the Fifth Amendment. *Louisville Joint Stock Land Bank v. Radford,* 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935). Moreover, a debtor's bankruptcy may well have the effect of impairing contract rights. *See, e. g., Ginsberg v. Lindel, supra,* and 11 U.S.C. § 1322.

■ Finally, Chrysler urges that the plan should not be confirmed because the value to be distributed under the plan with respect to the unsecured portion of Chrysler's claim is less than the amount Chrysler would receive if the Debtor were liquidated under Chapter 7. 11 U.S.C. § 1325.

If the Debtor's estate were liquidated in this case, the unsecured claimants would get nothing. The plan provides for the payment of five percent (5%) of allowed unsecured claims. Thus, the confirmation standard found in Section 1325(a)(4) of the Code is not violated in this case, and Chrysler's objection must be overruled.

An appropriate order is entered contemporaneously herewith.